UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-cv-21582

IRAIZ HERNANDEZ,

    Plaintiffs,

v.

CITIBANK, N.A.,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiffs allege violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, Florida Consumer Collection Practices Act, Fla. Stat. §559.72 *et seq.* ("FCCPA") and the tort of wrongful garnishment.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 1367. Venue in this District is proper because Plaintiff resides here and Defendant sent communications to Plaintiff in this District.

## PARTIES

3.    Plaintiff, IRAIZ HERNANDEZ ("HERNANDEZ"), is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.    Defendant, CITIBANK, N.A. ("CITI"), is a bank chartered under the National Bank Act with its principal place of business at 701 E. 60th St. N, Sioux Falls, South Dakota 57104.

5.    At all times, material, Plaintiff was and is a consumer as defined by the FCCPA.

6.    At all material times, the communications alleged herein were "communications" as defined under the FCCPA.

7. Defendant extended credit to the Plaintiff and is a "creditor" as defined in the FCCPA.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect from Plaintiff alleged debts for a consumer loan.

9. The debt was for a personal, household, or family purpose.

10. Plaintiff opened and used two Citibank credit cards.

11. Due to financial difficulties, Plaintiff retained the undersigned to negotiate her debts including the Macy's credit card debt ("Debt").

12. On October 18, 2018, Joel D. Lucoff, sent letters to Defendant. The letters specifically requested that Defendant cease and desist all communications with Plaintiff. Attorney Lucoff continues to represent Plaintiff.

13. On or about December 29, 2018, and January 30, 2019, Defendant sent emails directly to Plaintiff seeking to collect a debt.

14. Defendant was aware that Joel D. Lucoff represented and continued to represent the Plaintiff.

15. Defendant was aware that by sending communications directly to Plaintiff, it violated the FCCPA.

16. At no time did Defendant attempt to contact attorney Joel D. Lucoff.

17. Plaintiff did not consent to direct communication with Defendant.

18. Plaintiff did not initiate any communication with Defendant.

19. Defendant, or others acting on its behalf, contacted Plaintiff via her cellular telephone.

20. Defendant, or others acting on its behalf, left messages of pre-recorded telephone messages on Plaintiff's cellular telephone and called and hung up without leaving messages on other occasions ("the telephone messages").

21. Defendant, or others acting on its behalf, used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

22. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(a)(A).

23. Defendants willfully or knowingly violated the TCPA.

**COUNT I**
**COMMUNICATION WITH A CONSUMER REPRESENTED**
**BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72(18)**

24. Plaintiff incorporates Paragraphs 1 through 19.

25. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72 (18).

26. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

    d. permanently enjoining Defendant from direct communication with Plaintiff; and

    e. Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff incorporates Paragraphs 1 through 23.

28. Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. §227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. A declaration that Defendant's calls violate the TCPA;

   c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

   d. Such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> Debt Shield Law
> Attorney for Plaintiff
> 3440 Hollywood Blvd., Suite 415
> Hollywood, FL 33021
> Tel:   305-776-1805
> Fax:   305-503-9457
> legal@debtshieldlawyer.com
> joel@debtshieldlawyer.com
>
>   */s/ Joel D. Lucoff*
> Joel D. Lucoff
> Fla. Bar No. 192163